IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN HUTCHINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF THOMPSON FALLS,<br><br>    Defendant. | CV 19–195–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant City of Thompson Falls' ("the City") Motion to Compel. (Doc. 24.) Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv), the City asks the Court to issue an order compelling Plaintiff Brian Hutchinson ("Hutchinson") to produce documents outlined in its Request for Production No. 18. (*Id.*; *See also* Doc. 25-1 at 4.) Hutchinson objects to the motion, inasmuch as he argues that the documents requested are not within his control within the meaning of Rule 34. (Doc. 31 at 4.)

For the following reasons, the Court will grant the City's motion.

### DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). To that end, a party may request that the opposing party produce documents or

electronically stored information falling within the scope of Rule 26(b) that are in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). Hutchinson does not dispute that the documents outlined in Request for Production No. 18 fall within the scope of Rule 26, and the City does not argue that Hutchinson maintains "possession [or] custody" of them. (Docs. 25, 31.) Instead, Hutchinson contends he does not control the documents the City seeks. (Doc. 31 at 3–4.)

"Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("*Petroleum Workers*") (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)). The party seeking production of the documents bears the burden of proving that the opposing party has such control. *Id.* (citation omitted).

Again, the parties agree that Hutchinson has the "legal right" to obtain the documents at issue "upon demand" from the Social Security Administration ("SSA"). (*See* Doc. 31 at 4 (citing 20 C.F.R. § 401.40).) Nevertheless, Hutchinson compares himself to an international labor union without "actual" control of its local affiliates' records. (*Id.* (citing *Petroleum Workers*, 870 F.2d at 1453–54).) The comparison is unpersuasive. In *Petroleum Workers*, the court rejected the argument that an international union had "control" of local unions'

records by virtue of its "'inherent relationship' to the locals[.]"  870 F.2d at 1453.  Without some statutory or contractual basis for demonstrating the international union's control over the locals' records (i.e., "actual control"), the court said, "theoretical" control based on the unions' "inherent relationship" is not enough.  *Id.* at 1454.  Here, in contrast, Hutchinson points to the very authority that renders his control non-theoretical.  (Doc. 31 at 4.)  However, he explains that his right to access, set out in 20 C.F.R. § 401.40, grants him only "theoretical" control over his SSA records, because his efforts to obtain them have thus far been unsuccessful.  (*Id.*)

The Court is unconvinced.  Instead, it directs Hutchinson's attention to *Searock*, where the court found "the primary dispositive issue" to determine whether Rule 34 "control" exists to be whether the party disputing control "made a good faith effort to obtain the documents over which he may have indicated he had 'control' in whatever sense."  736 F.2d at 654.  Further, the court considered "whether after making such a good faith effort he was unable to obtain and thus produce them."  *Id.*

Here, too.  At this juncture, the Court remains unmoved by Hutchinson's half-hearted efforts to obtain the documents the City seeks in Request for Production No. 18.  While it understands Hutchinson's frustration with long call times with the SSA, the Court cannot characterize his attorney's single email to the

SSA as a "good faith effort" to obtain the documents to which he admits Hutchinson has a "right to access." (Doc. 31 at 4–5.) Thus, the Court will grant the City's motion to compel and urge Hutchinson to take a more dogged approach to meeting his discovery obligations.

## ORDER

Accordingly, IT IS ORDERED that the motion to compel (Doc. 24) is GRANTED. Hutchinson shall produce the following documents, as outlined in Request for Production No. 18, to the City on or before December 18, 2020:

a. All applications for disability benefits provided to the Social Security Administration and/or the Montana Department of Public Health and Human Services;

b. Correspondence to or from the Social Security Administration and/or the Montana Department of Public Health and Human Services regarding disability benefits;

c. Records of decisions issued by the Social Security Administration and/or the Montana Department of Public Health and Human Services regarding disability benefits;

d. Awards of disability benefits, denials of disability benefits and renewals of disability benefits issued by the Social Security Administration and/or the Montana Department of Public Health and Human Services; and

e. Payment records of all disability benefits paid to Plaintiff or for his benefit by the Social Security Administration and/or the Montana Department of Public Health and Human Services.

If Hutchinson's efforts to obtain the above-described documents by the December 18, 2020 deadline are unsuccessful, the parties may refile their

Stipulated Motion for Court Order Commanding the Social Security Administration to Produce Plaintiff's Social Security File. (Doc. 22.) However, the Court will **not** entertain such a motion absent a showing that Hutchinson has engaged in an energetic, good faith effort to obtain the documents in accordance with his discovery obligations.

Finally, IT IS ORDERED that, pursuant to the parties' agreement, neither party shall be awarded attorneys' fees or costs based on the Court's ruling on this motion. (*See* Doc. 24 at 2.)

Dated this 19h day of November, 2020.

_____
Dana L. Christensen, District Judge
United States District Court