IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN HUTCHINSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF THOMPSON FALLS,<br><br>　　　　Defendant. | CV 19–195–M–DLC<br><br><br>ORDER |

　　　　Before the Court is Defendant City of Thompson Falls' ("the City") Unopposed Motion *in Limine* Re: Liability Insurance.  (Doc. 36.)  The City moves for an *in limine* ruling to prevent Plaintiff Brian Hutchinson, "his counsel[,] and witnesses . . . from inquiring into, questioning about, commenting on, or presenting argument or evidence during the trial . . . regarding any liability insurance the City has for Mr. Hutchinson's claims[s]."  (Doc. 37 at 1–2.)

　　　　Motions *in limine* seek "to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  "[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).  That is, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."  *Luce*, 469 U.S. at 41–42.

Here, as the City argues and Hutchinson agrees, Federal Rule of Evidence 411 operates to render evidence of the City's liability insurance inadmissible.[1] Specifically, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."  Fed. R. Evid. 411.  Thus, the Court will grant the City's motion *in limine* to exclude any evidence of the City's liability insurance that is offered to prove that it violated federal or state disability laws.  Still, the Court notes that Rule 411 provides for the admission of evidence related to liability insurance "for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership or control."  *Id.*  In other words, if the existence of the City's liability insurance is offered for an admissible purpose under Rule 411, the Court will exercise its discretion to decide whether it is otherwise excludable under the general principles of relevance and prejudice.

---

[1] The City also cites Montana insurance law to support its motion to exclude evidence of liability insurance.  Montana Code Annotated § 33-23-102 states that "[n]o attempt may be made in the trial of an action brought against a political subdivision of the state, municipality, or any public body . . . to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of plaintiff."  While the Court recognizes that the Federal Rules of Evidence do not *always* govern in diversity cases, the City fails to explain how this Montana evidence rule is "intimately bound up" with the rights and obligations being asserted such that application of the state rule is mandatory in *this* diversity case.  *See Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995) (explaining that some state law rules of evidence "in fact serve substantive state policies and are more properly rules of substantive law within the meaning of *Erie*").  But in any event, Hutchinson does not oppose the City's motion under the federal rules; thus, the Court will not engage in an advisory *Erie* analysis on a point which appears only to gild the lily.

Accordingly, IT IS ORDERED that the City's unopposed motion *in limine* (Doc. 36) is GRANTED. Pursuant to Federal Rule of Evidence 411, evidence that the City was insured against liability for Hutchinson's claims is not admissible at trial to prove whether it acted wrongfully.

Dated this 28th day of December, 2020.

/s/ Dana L. Christensen

Dana L. Christensen, District Judge
United States District Court