IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN HUTCHINSON, | CV 19–195–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF THOMPSON FALLS, | |
| Defendant. | |

Before the Court is the City of Thompson Falls' ("the City") Trial Brief. (Doc. 54.) Seeking to "alert the Court to issues it anticipates arising at trial," the City indicates that it plans to move for judgment as a matter of law after Plaintiff Brian Hutchinson rests his case on two grounds. First, it will argue that Hutchinson's statements to the Social Security Administration regarding his disability cannot be reasonably reconciled with his instant claims. Second, the City plans to contend that Hutchinson's claims under the Americans with Disabilities Act ("ADA") must be dismissed because he cannot establish that the City is an "employer" within the meaning of the statute.

As the City concedes, its second basis for judgment of a matter of law implicates this Court's subject matter jurisdiction—or at least, its decision to exercise its subject matter jurisdiction. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (holding that a district court's "decision declining to

- 1 -

exercise supplemental jurisdiction over [] state-law claims[] is [not] a remand based on a 'lack of subject matter jurisdiction'"). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Id.* at 639. The City removed this action based the Court's federal question jurisdiction over the ADA claims and its supplemental jurisdiction over the Montana Human Rights Act ("MHRA") claims. (Doc. 1 at 1 (*citing* 28 U.S.C. §§ 1331, 1367(a)).) Thus, if the Court dismisses Hutchinson's ADA claims—the claims over which it has original jurisdiction—it must decide whether it will continue to exercise jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367(a) and (c).

Why the City did not raise this purely legal question at the summary judgment phase is unclear. However, the Court will not convene a jury in the middle of a pandemic and expend significant judicial resources to try a case with this issue outstanding. If the City gets its way, half of the claims in this case will be dismissed as a matter of law after Hutchinson rests. Then, the City has decided, the Court would continue to exercise supplemental jurisdiction to see the two MHRA claims through to the end of trial. But the Court is not convinced that remand would not be more appropriate in that circumstance. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 993–94 (9th Cir. 1991).

However, that decision need not be made now. Instead, the Court will vacate trial and associated deadlines, and grant the City the opportunity to move for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the threshold legal issue it presents for the first time in its Trial Brief. (*See* Doc. 54 at 7–12.) Following resolution of this issue, the Court will revisit questions of supplemental jurisdiction and resetting trial, if necessary.

Accordingly, IT IS ORDERED that:

(1) The trial set for February 22, 2021 and the final pretrial conference set for February 18, 2021 are VACATED;

(2) On or before February 26, 2021, the City shall file its motion for summary judgment on the ADA "employer" issue outlined in its Trial Brief, in full compliance with Federal Rule of Civil Procedure 56;

(3) On or before March 19, 2021, Hutchinson shall respond to the City's motion for summary judgment on the ADA "employer" issue, in compliance with Federal Rule of Civil Procedure 56; and

(4) On or before April 2, 2021, the City shall file its reply brief, if any.

Dated this 5th day of February, 2021.

_____
Dana L. Christensen, District Judge
United States District Court